IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-11176
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JULIAN MEDELLIN-BARBOZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:00-CR-20-ALL
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Julian Medellin-Barboza appeals his sentence following his plea of guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326. Medellin-Barboza argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment and, because it was not, that he was charged with and pleaded guilty to the offense of simple reentry, in violation of 8 U.S.C. § 1326(a), which has a statutory maximum penalty of two years' imprisonment. He acknowledges that his

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 120 S. Ct. at 2361-62 & n.15; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>petition for cert. filed</u> (U.S. Jan. 26, 2001)(No. 00-8299). Medellin-Barboza's argument is foreclosed. <u>See</u> <u>Almendarez-Torres</u>, 523 U.S. at 235. Accordingly, Medellin-Barboza's sentence is AFFIRMED.